# Staunton

CARRIE B. GREGORY, ADMINISTRATRIX, ETC. V. B. R. DANIEL,
N. A. DANIEL AND J. F. DANIEL, TRADING, ETC.

September 13, 1939.

Record No. 2080.

Present, Campbell, C. J., and Holt, Hudgins, Browning
and Eggleston, JJ.

The opinion states the case.

*Richard C. Peyton* and *Curry Carter*, for the plaintiff in error.

*Thomas O. Moss* and *W. B. Timberlake, Jr.*, for the defendants in error.

BROWNING, J., delivered the opinion of the court.

This case grows out of an automobile accident which occurred on the night of October 17, 1936, about nine o'clock, just west of the town of Augusta Springs, Va., and on the road leading to Craigsville, Va. Most of the buildings of the town of Augusta Springs are located on the north side of the highway. There is no business enterprise of any kind on the south side.

At the point of the accident the highway, which is hard-surfaced, is nineteen feet wide and is practically straight for a distance of 350 feet eastwardly. The truck involved was traveling westwardly and no other vehicles were in the immediate vicinity at the time. It had been raining and the air was still heavily laden with moisture, although visibility was not greatly impaired.

James F. Gregory, the plaintiff in error's intestate, with A. R. Miller and a nine-year-old child, Edwin Corbin, were walking westwardly along the road when the child, who was slightly behind the two men and carrying a flashlight, called out "here comes a car." Thereupon the three walked to the northern margin or right hand side of the hard-surfaced road and stood talking with their backs toward the center of the road. There was no shoulder on either side of the road and the ditch or drain on the northern side was filled with water and water was standing in a depression of the hard-surface close by.

The car, which was a Ford truck operated by Nimrod Wright, an employee of the defendant in error, struck the three persons, killing the boy and Gregory and injuring Miller. The driver did not stop, and later testified that he was not aware that he had hit anything and that the truck felt as if it had just slipped off the hard-surface.

The trial court struck out all of the plaintiff's evidence, presumably upon the ground of the contributory negligence

of the plaintiff, and the case is before us for review. There is no controversy as to the facts as stated.

Our concern, then, is whether, upon the allied issues of negligence, contributory negligence, and the last clear chance, there is a sufficient conflict of evidence for them to become a matter for the determination of the jury, or can the court declare any of them existent as a matter of law.

■■ The violation of a statute, of itself does not necessarily constitute such negligence as will establish the existence of the principle of proximate cause. Here the parties were standing on the right margin of the road. If they had been walking or traveling westwardly at the time of the accident, that is, in the direction the truck was going, they would have been violating the statute, Code 1936, section 2154(126)(f), which provides that pedestrians using the highways for travel shall keep as near as is reasonably possible to the extreme left edge thereof. There was ample space for the driver of the truck to turn to the left and avoid striking them. The slightest turn would have sufficed. There was nothing to prevent him from seeing the group for a distance of 350 feet ahead. The statement is justified that the result would not have been different if the deceased and his companions had been walking eastwardly and had paused in the same place and at the same time. Under such circumstances contributory negligence could not have been urged as a defense.

The evidence and exhibits disclose the fact that the windshield of the truck was so "clouded" and discolored as to seriously impair visibility. Robert Lynn, a member of the State police force, who examined the truck shortly after the accident, testified that the condition of the windshield would impair the driver's vision; that it would not have met the requirements of the State inspection.

The evidence tended to prove that, in spite of previous rains and cloudiness, one's visibility was not obscured; that the truck was traveling at a speed of from 40 to 55 miles an hour; that the highway was dark, wet and slippery; that Nimrod Wright, the driver, lived in the neighborhood and

had passed and repassed the point of the accident on that afternoon; that he had ample opportunity to have been perfectly familiar with the presence of the ditch and the water and other conditions which obtained; that he well knew that the village of Augusta Springs is located on the side of the highway where the victims of the accident were standing and that persons in and about the village were in the habit of occupying that portion of the highway, therefore, he might reasonably have anticipated the existence of just such a situation as was present; that the driver was under the influence of intoxicants, the neighborhood doctor, going home from Staunton that afternoon, a few hours before the accident, testifying that he drove a mile or more behind the truck, driven by Wright, and in his attempts to pass was prevented from doing so by the wabbling, unsteady and dangerous operation of the truck. He was first on one side of the highway and then on the other, driving "badly and recklessly." Mr. Daniel, the owner of the truck, was driving with the witness, Dr. Tuttle, and he said that the truck was his and that Nimrod Wright was the driver.

The evidence shows conclusively that the boy, who was killed, was found 75 feet westwardly from the point where he was struck, and that Gregory, the plaintiff in error's intestate, was knocked in and over the ditch, his clothes showing contact with the briars and burrs which were on the fencerow adjacent to the ditch. These facts tend to show the terrific force of the impact and the reckless speed of the truck, under the existing conditions.

Our conclusion is that the case is a typical one for the jury. To take the case away from that tribunal would be to invade its province.

This case, in its important aspects, is very similar to that of *Bray* v. *Boston Lumber, etc., Corp.*, 161 Va. 686, 172 S. E. 296, where an alleged violation of the same statute was involved. In that case the plaintiff, who was a pedestrian, was on the wrong side of a bridge when he was injured, which was in violation of the statute. This court said, through Mr. Justice Gregory:

"It is not necessary to the decision of this case to determine the status of the plaintiff, that is, whether or not he was a pedestrian at the time the injury was inflicted, because if we assume that he was a pedestrian and at the time violating the statute, that does not affect the ultimate conclusion to be reached, because his violation of the statute, if a pedestrian, was not the cause of the injury. This is but another way of saying that there must be causal connection between the violation of the statute and the injury, otherwise the violation becomes immaterial. It is the well-settled law of this State that unless it is shown that his violation of a statute was the proximate or contributing cause of the injury the plaintiff is not barred from a right to recover. *Kinsey* v. *Brugh,* 157 Va. 407, 161 S. E. 41; *C. & O. Ry. Co.* v. *Barlow,* 155 Va. 863, 156 S. E. 397."

In the case cited, the case of *Saunders* v. *Temple,* 154 Va. 714, 153 S. E. 691, is reviewed and differentiated from the case which was then under consideration. The same facts differentiate it from the case in judgment. It will be noted that the *Saunders-Temple Case* was cited by the trial judge in this case in his excellent opinion, which appears in the record. The other Virginia cases cited may also be so distinguished in their facts from those in this case as to render them uncontrolling here.

As the doctrine of the last clear chance was relied upon in the trial court and emphasized here by the plaintiff, we think that there is ample evidence to have warranted the granting of the instruction, based thereon, which was asked for.

In this latter view, this case is very like that of *Bennett* v. *Spencer,* 167 Va. 268, 189 S. E. 169, which is quite conclusive of that issue here.

We are of opinion that the trial court erred in striking out the evidence of the plaintiff and, therefore, we reverse its judgment and remand the case to it for a new trial, to be held in conformity with this opinion.

*Reversed and remanded.*