Florence F. GOLDMAN, Appellee,

v.

VIRGINIA–CAROLINA WHOLESALE COMPANY, Incorporated, a corporation, and Paul Clarence Shavers, Appellants.

Harry GOLDMAN, Appellee,

v.

VIRGINIA–CAROLINA WHOLESALE COMPANY, Incorporated, a corporation, and Paul Clarence Shavers, Appellants.

Nos. 8882, 8883.

United States Court of Appeals Fourth Circuit.

Argued April 5, 1963.

Decided May 8, 1963.

John F. Rixey, Norfolk, Va., for appellants.

Stanley J. Bangel, Portsmouth, Va. (L. David Lindauer, and Bangel, Bangel & Bangel, Portsmouth, Va., on brief), for appellees.

Before BRYAN and BELL, Circuit Judges, and HARRY E. WATKINS, District Judge.

ALBERT V. BRYAN, Circuit Judge.

Personal injuries were suffered by Harry Goldman and his wife, Florence, the respective plaintiff-appellees in these two cases, when their car travelling along a Virginia highway was struck in the rear by the truck of the defendant-appellant Virginia-Carolina Wholesale Company. Attacking the judgments of the District Court which awarded compensation to the injured, the appellant here concedes the negligence of its truck driver but asserts error in the refusal of a finding of contributory negligence—in Virginia a complete bar to recovery—on the part of the wife, and imputed to her husband, in the operation of the Goldman car. We sustain the judgments.

Specifically, error is assigned to the unfavorable interpretation by the District Judge of the State law in respect to the necessity for the Goldman driver to give a signal of her reduction in speed. The Company insisted that three statutory provisions—§§ 46.1–216, 46.1–217 and 46.1–190(g), Code of Virginia of 1950 as amended—require a driver to indicate by hand and arm or by a prescribed mechanical device of an intention of "slowing down". Admittedly without such previous warning, the Goldman driver was decreasing speed, though not stopping, when the truck overran her car. These circumstances, the Company contends, prove contributory negligence as a matter of law.

The District Judge construed the Virginia law as not enjoining upon a driver the obligation to signal such a diminution of speed. Virginia's highest court has not spoken on this particular of traffic regulation. We find it unnecessary to do so, for the findings stated by the District Court, trying the actions without a jury, exclude contributory negligence of the Goldman driver as a causative factor.

From conflicting evidence these facts were evolved by the trial court. On August 12, 1960 in the middle of the day, with the weather clear, the road dry and visibility unimpaired, the Company's truck was proceeding southwardly, near Emporia, Virginia on Route 301 following the automobile occupied by Harry and Florence Goldman. While he owned the car, she was driving. The highway comprised two northbound, and two southbound, lanes with a wide median strip between the two sets. Both vehicles were in the righthand lane. Descending from an overpass Florence Goldman saw a dog about to cross the highway, a city "block" or slightly more ahead of her. Thereupon she substantially reduced her speed of 50 m. p. h.—the diminished rate she said was 25 m. p. h. but the Court made no finding thereon.

Before retarding her car she did not give, as already mentioned, either a manual or mechanical signal of the alteration of speed, save the display of her brake lights, nor did she look to the rear. At that time the Goldman automobile had gone beyond the overpass and was on level grade. As the car was lessening but still maintaining its forward movement, the truck overtaking it ran against the left rear of the Goldman car, and pushing it off the righthand side of the road, seriously hurt the occupants.

The District Court placed the truck behind the Goldman vehicle "until a split second prior to the impact", noting that the driver "obviously did not realize that the Goldman vehicle had reduced its speed appreciably and, at the final moment swerved to his left in an effort to avoid the impact". A further finding was that "[s]he did not stop or attempt to stop suddenly".

These facts establish beyond debate the exclusive fault of the truck driver. They constitute a conclusion, as well, that even if she was required by the laws of Virginia to signal the declining velocity of her car, the omission did not "proximately contribute" to the cause of the collision, a requisite of the defense of contributory negligence. Hoffman v. Stuart, 190 Va. 880, 59 S.E.2d 94, 97

(1950); Kinsey v. Brugh, 157 Va. 407, 161 S.E. 41, 42–43 (1931).

There is no ground to question the quantum of the recoveries and we affirm.

Affirmed.