## Richmond

W. M. Richardson, t/a, etc. v. Charles S. Hackett, Et Al.

January 20, 1964.

Record No. 5673.

Present, All the Justices.

The opinion states the case.

*S. J. Thompson, Jr.*, for the plaintiff in error.

*William Rosenberger, Jr.*, for the defendants in error.

Whittle, J., delivered the opinion of the court.

■■ W. M. Richardson, trading as Richardson Furniture and Electric Company, sued Charles S. Hackett and Duffey-Mott Co., Inc.,

for damages to a truck owned by Richardson which was struck from the rear by a car driven by Hackett and owned by Duffey-Mott Co., Inc.

At the conclusion of the plaintiff's evidence the defendants moved to strike the plaintiff's evidence and discharge the jury. The motion was sustained over the objection of counsel for the plaintiff. Whereupon, counsel for the plaintiff moved the court for a new trial on the ground that its action in striking the evidence was contrary to the law and the evidence. This motion was overruled by an order entered on November 10, 1962, wherein judgment was granted the defendant. We granted plaintiff a writ of error.

The accident in question occurred about 12:05 P.M. in Amherst County on State Route 130, near the point where the Blue Ridge Parkway passes over Route 130 by means of an overhead bridge. At the time of the accident the road was dry, the weather clear and visibility good. The Richardson truck, driven by Jennings M. Taylor, was loaded with furniture and was traveling east on the highway. The automobile driven by Hackett was traveling in the same direction. The accident occurred when Hackett drove his automobile into the rear of the Richardson truck.

Route 130 is a two lane highway running east and west. The evidence and the exhibits show that Route 130 from the brow of the hill is straight, downhill, and that visibility is unobstructed for three tenths of a mile to a point where the highway passes under the parkway bridge. The collision occurred at the bottom of the hill about fifty to sixty feet west of the point where the parkway bridge passes over the road.

As the Richardson truck approached the bridge it occurred to the driver that there might not be enough clearance for the truckload of furniture to pass under the bridge in safety. He looked in his rear view mirror to see if there were any vehicles following him and saw none. Thereupon he began pumping his brakes to activate his brake lights to signal that he was slowing down. He did not look again for traffic behind him. He used his brakes and the motor to slow the truck gradually. After concluding that his load could pass under the bridge in safety, when within fifty or sixty feet of the bridge, he shifted his truck from fourth gear to third gear in order to pick up speed and go under the bridge. At this time he was traveling between fifteen and twenty miles per hour. At this point his truck was suddenly struck in the rear by the car driven by Hackett.

Hackett's car laid down 135 feet of skid marks in the right hand lane before striking the truck. Substantial damage was done to the Hackett car and the truck was damaged to such an extent that it was of no value to Richardson. The tail lights on the truck were damaged in the accident and were not working after the accident.

The judgment order of the court does not give a reason for striking plaintiff's evidence. However, it could have been based only on one or both of the following grounds: (1) That there was no evidence of negligence on the part of the defendant Hackett proximately causing the accident, or (2) That the plaintiff's evidence disclosed: (a) That the driver of the Richardson truck was, as a matter of law, guilty of contributory negligence, and (b) That such negligence was, as a matter of law, a proximate cause of the accident.

The facts surrounding the accident were peculiarly within the knowledge of Taylor, the driver of the Richardson truck, and defendant Hackett. On a motion to strike the plaintiff's evidence at the conclusion thereof the evidence should be considered as upon a demurrer thereto. *Walton* v. *Walton*, 168 Va. 418, 421, 191 S.E. 768; Burks Pleading and Practice (4th Ed.) Section 284, page 506, *et seq.*

Therefore, the plaintiff's evidence and reasonable inferences which could be properly drawn therefrom must be admitted as true and any conflicts must be resolved in favor of plaintiff Richardson. Burks Pleading and Practice (4th Ed.) Section 280, page 496.

While there was no direct testimony bearing on Hackett's negligent operation of his car, the facts and circumstances of the accident speak for themselves. In this case it could be reasonably inferred from the evidence that Hackett was negligent in that he failed to keep a proper lookout for traffic in front of him; that he failed to operate his car at a safe and reasonable speed under the circumstances; that he failed to keep his car under proper control; that he followed the plaintiff's truck too closely; that he failed to observe the signals given by plaintiff's truck and that such negligence proximately caused the accident.

The severe damage to both the car and the truck and the skid marks made by the Hackett car point strongly to excessive and negligent speed on the part of defendant Hackett. Clearly the issue of Hackett's negligence should have been submitted to the jury. 5A Am. Jur., Automobiles and Highway Traffic, Sec. 937, page 828. Volume 9B Blashfield, Cyclopedia of Automobile Law and Practice (permanent edition), Sec. 6045, page 450; *Neal* v. *Spencer*, 181 Va. 668, 675, 676, 26 S. E. 2d 70, 73.

Neither do we think that the driver of the Richardson truck was guilty of contributory negligence as a matter of law, or if such negligence did exist that it was a proximate cause of the accident as a matter of law.

We are not here dealing with the stopping or a sudden slowing down of a motor vehicle. There is evidence that the driver of the Richardson truck signalled that he was slowing down and that the operation was gradual over a distance of 1,500 feet. The truck was traveling at a speed from fifteen to twenty miles an hour at the time of the accident. The driver of the truck looked to the rear by means of his rear view mirror at the top of the hill before he commenced slowing down and saw no traffic behind him. There was no legal requirement that he continue to look in his rear view mirror. 5A Am. Jur., Automobiles and Highway Traffic, Sec. 348, page 444.

We hold that the failure of the driver of the truck to continue to look to the rear was not negligence as a matter of law and that such failure was not a proximate cause of the accident as a matter of law. To say the least, the question of the truck driver's negligence should have been submitted to the jury, along with the question whether his negligence, if any, was a proximate cause of the accident. *Webb* v. *Smith*, 176 Va. 235, 10 S. E. 2d 503, 131 A.L.R. 558; *Neal* v. *Spencer*, *supra*.

For the reasons stated the judgment is reversed and the case is remanded for a new trial consistent with the views here expressed.

*Reversed and remanded.*