## Richmond

SERGEANT ROGER W. SPEER v. FLOYD E. KELLAM, JR., ADMINISTRATOR
OF THE ESTATE OF HERBERT C. PHILLIPS, DECEASED.

January 20, 1964.

Record No. 5689.

Present, All the Justices.

The opinion states the case.

*Harvey E. White, Jr.* (*White, Ryan & Reynolds*, on brief), for
the plaintiff in error.

*William H. Hodges* (*John F. O'Neill; Kellam & Kellam*, on brief),
for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

■ This action was instituted by Floyd E. Kellam, Jr., Administrator of the estate of Herbert C. Phillips, deceased, hereinafter referred to as plaintiff, to recover damages for the wrongful death of Phillips, who was walking with his back to traffic, on the north side of a road, when he was struck by an automobile operated by Sergeant Roger W. Speer, sometimes herein referred to as defendant. The defendant entered a general appearance and filed his grounds of defense, denying any negligence and alleging that plaintiff's intestate was "guilty of negligence that proximately caused the accident."

The case came on for trial on March 1, 1962, before a jury, and at the conclusion of the evidence on behalf of plaintiff, the defendant moved to strike it on the ground that it showed that plaintiff was guilty of contributory negligence as a matter of law, which motion the court overruled. A like motion made upon the conclusion of all the evidence was likewise overruled. The jury returned a verdict for the plaintiff in the sum of $15,000.00. To this judgment, we granted a writ of error.

The evidence is not in material conflict.

The accident occurred about 10:50 p. m., May 11, 1960, on Hospital Road, west of its intersection with Desert Road, within the U. S. Army Military Reservation of Fort Story, Virginia. Hospital Road runs generally east and west, is two lanes wide, and has a level blacktop surface. There are no street lights or other illumination in the area. At the point of the accident, there is a densely wooded area with thick underbrush on each side of the road. It had been raining during the evening, the pavement was wet and the atmosphere was misty, overcast and dark. The decedent, Phillips, and a fellow soldier, Ruddlesden, were walking west on the hard surface, near the right edge of Hospital Road. No sidewalks were provided, and the right shoulder of the road, 4 or 5 feet wide, was composed of sand and gravel. Phillips was approximately 6 feet in front of Ruddlesden. They had been on the left-hand side; but crossed, Ruddlesden said, to the right side because of its intersection with Desert Road. After they had crossed the intersection, they were getting ready to cross back to the left side. There were several cars and a Post bus, each with headlights burning, which approached them, traveling in the opposite or eastbound direction. Ruddlesden noticed the reflection of the headlights of defendant's approaching

westbound car from the rear. He did not hear the roar of its engine nor the "roll of its tires." He turned around, looked and jumped out of the way of the oncoming car, shouting a warning to Phillips. The warning was too late, the car passed Ruddlesden safely, but struck and instantly killed Phillips. Ruddlesden estimated the speed of the car at 45-50 M. P. H. Neither Phillips nor Ruddlesden had been drinking; but when the latter observed Speer after the accident, he noticed that he had been drinking.

Speer was taking Sergeant Willard Smiley to the latter's barracks, after having attended a party given in honor of the promotion of another soldier. At that party, Speer consumed a large quantity of beer.

Speer said that he was traveling 35-40 M. P. H., and that his head-lights were on low beam. He saw the outline of the decedent approximately 20 steps away, applied his brakes and turned the steering wheel of his car to the left. His car ran across the road and on to the left shoulder. Speer admitted to the investigating officer that he was "under the influence" of alcohol.

Traveling westerly from the intersection of Hospital and Desert Roads, the first named road curves sharply to the left. The accident occurred on that curve a short distance from the intersection. Speer said he had "never been down Hospital Road before;" that he was not familiar with the condition of traffic at its intersection with Desert Road; that he did not see Ruddlesden before or after the accident; that with his low beam lights on, he could see ahead for about 300 feet; that his lights covered "mostly the right shoulder and the right-hand lane;" and that he had "no reason" for driving on low beam.

Willard Smiley, the passenger in Speer's car, testified that he was bending down to lace his shoe just before the accident. When he looked up, he saw decedent in the road directly in front of the hood of the car, walking on the right-hand side with his back towards the car. He estimated the speed of Speer's car at 30-35 M. P. H., because he "couldn't make that turn at 55 or 60 M. P. H. and stay on the road."

Junior Kelly, an investigator for the office of the Provost Marshal at Fort Story, went to the scene of the accident immediately after it occurred. He found glass particles from defendant's automobile headlight lying on the road, but saw no skid marks. The body of Phillips was 54 feet away from the car, and the car, which had

swerved to the left, was 108 feet away from the point of impact. Kelly said, upon his arrival he saw Speer and talked to him and that the latter "was definitely under the influence of alcohol of some kind, to the extent that I refused to take a statement from him that night." He took Speer to a medical dispensary about mid-night and had him take a test for alcoholic content; but the result of the test was not admitted in evidence because the physician who had administered it was not available as a witness.

There was presented in evidence, without objection, the "Military Police-Law Enforcement-Traffic Code," containing the traffic regulations applicable to Fort Story, known as Circular 190-1, effective as of April 20, 1960. Subsection (4) of the Circular, entitled "State of Policy," provides in part, as follows:

"In the interpretation and application of provisions of this Code, the Code of Virginia and the official inspection manual for motor vehicles, State of Virginia, will be observed, in the absence of other laws, regulations or policies, applicable on the Federal Reservation."

Article 409 of Circular 190-1, Annex A, entitled "Pedestrians and Movement of Troops," contains Section C (2), which reads as follows:

"Where sidewalks are not provided, any pedestrian walking along and upon the highway shall, when practicable walk only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction."

There is no evidence as to when or how the United States acquired the area within Fort Story where the accident occurred, nor any evidence as to the terms, conditions, restrictions, limitations and provisions of its acquisition.[1] There is nothing in the record to show that Hospital Road is a part of the public highway system of Virginia, nor that it is maintained by Virginia.

Upon appeal, Speer assigned error (1) to the overruling of his motions to strike plaintiff's evidence; (2) to the refusal of the court to grant certain instructions; and (3) to the refusal of the court to set aside the verdict as contrary to the law and the evidence. However, the refusal of the court to grant the requested instructions is apparently not seriously questioned by Speer, since his brief makes no reference to them, other than to state the assignment of error.

---

[1] Cf. Va. Code, 1950, § 7-19, as amended; *Belt Line Railroad* v. *Parker*, 152 Va. 484, 147 S. E. 461; *Buttery* v. *Robbins*, 177 Va. 368, 381, 14 S. E. 2d 544; *Waltrip* v. *Commonwealth*, 189 Va. 365, 53 S. E. 2d 14; *Dugroo* v. *Garrett*, 203 Va. 918, 128 S. E. 2d 303; and *Crosby* v. *Meredith Construction Co.*, 300 F. 2d 323 (4th Cir. 1962).

There was a controversy as to whether the provisions of the Motor Vehicle Code of Virginia or the "Traffic Code" of Fort Story applied to the accident. It is conceded by Speer that the "Traffic Code" regulations, Article 409, Circular 190-1, C (2) are substantially in accord with § 46.1-234, Code of Virginia, 1958 Rep. Vol.[2]

The trial court, being uncertain as to whether State or Federal law applied, gave Instruction A, without objection by defendant, as applicable to the case both under the law of Virginia and the "Traffic Code" in effect at Fort Story. That instruction reads as follows:

"The Court instructs the jury that the deceased Phillips, was guilty of negligence as a matter of law in walking on the right side of the highway; and if you believe that such negligence was a proximate cause of the decedent's death then your verdict must be for the defendant."

The question as to which law or regulation applied in this case thus became immaterial in view of this instruction.

The court, in Instruction No. 4, given without objection, told the jury that even though they believed Phillips was guilty of negligence, "yet if you believe from the evidence that such negligence was not a proximate cause, but instead became a remote cause of the accident, and if you further believe the defendant was guilty of negligence which was the sole proximate cause of the accident, then you should find for the plaintiff." This became the law of the case.

■ This brings us to assignments numbered 1 and 3, which present the question whether the negligence of Phillips was negligence constituting a proximate cause of the accident.

The general rule is well established in Virginia that "to constitute actionable negligence, there must be a direct causal connection other than a mere violation of the statute between the prohibited conduct and the injury; and whether such causal connection does exist is usually a question for the jury." *Mauser* v. *Hebb*, 187 Va. 876, 48 S. E. 2d 257; *Powell* v. *Virginian Railway Co.*, 187 Va. 384, 391, 46 S. E. 2d 429.

"Negligence, contributory negligence and proximate cause are ordinarily questions for the jury." *Steele* v. *Crocker*, 191 Va. 873, 880, 62 S. E. 2d 850.

---

[2] "Pedestrians shall not use the roadways or streets, other than the sidewalk thereof, for travel, except when necessary to do so because of the absence of sidewalks, reasonably suitable and passable for their use, in which case, if they walk upon the hard surface, or the main travelled portion of the roadway, they shall keep to the extreme left side or edge thereof, or where the shoulders of the highway are of sufficient width to permit, they may walk on either shoulder thereof."

If reasonable men may differ as to the conclusion of facts which may be properly drawn from the evidence, a jury is the proper tribunal to determine the question presented whether they establish negligence and proximate cause.

"It is only when the issue is one about which reasonable persons cannot differ—the question so plain in the meaning and interpretation that should be given to it—that no doubt is admitted of its legal significance and effect, that it becomes a question of law for the courts to determine." *Whitfield* v. *Dunn*, 202 Va. 472, 476, 117 S. E. 2d 710, and cases cited.

The burden was on the defendant, Speer, not only to prove that Phillips "was guilty of contributory negligence, but that his negligence was a proximate cause, a direct, efficient contributing cause of the accident." *Whitfield* v. *Dunn, supra*, 202 Va. at page 477; *Powell* v. *Virginian Railway Co., supra*, 187 Va. at page 387.

"The violation of a statute, of itself does not necessarily constitute such negligence as will establish the existence of the principle of proximate cause." *Gregory* v. *Daniel*, 173 Va. 442, 445, 4 S. E. 2d 786; *Clay* v. *Bishop*, 182 Va. 746, 751, 30 S. E. 2d 585.

"A violation of Code, section 2154 (126) (g) [now Code, 1950, § 46.1-234, 1958 Rep. Vol.] amounts to negligence as a matter of law. Whether or not such violation be a remote cause or the cause which proximately contributes to the injury is a question for the jury." *Crouse* v. *Pugh*, 188 Va. 156, 167, 49 S. E. 2d 421; *Dugroo* v. *Garrett*, 203 Va. 918, 920, 128 S. E. 2d 303.

Even though the failure to observe a traffic rule is negligence, such failure must be the proximate cause of the injury in order to allow recovery. *Morris* v. *Dame's Ex'r*, 161 Va. 545, 566, 171 S. E. 662; *Richardson* v. *Hackett*, this day decided, 204 Va. 847, 134 S. E. 2d 312.

Reasonable men may differ as to whether the conduct of Phillips, under the facts and circumstances existing in this case at the time and place of the accident, was negligence which constituted a direct and efficient contributing cause of his injuries, or whether the defendant, in driving around a curve, on an unlighted highway, at a speed of 35 to 40 miles per hour, on a dark, wet, misty night, with the headlights of his car on low beam, was guilty of such negligence as constituted the sole proximate cause of the accident. The answers to these questions were for the determination of the jury, and the jury has said that the sole proximate cause was the negligence of the defendant; and we cannot disturb their verdict.

We have reviewed the cases cited by defendant in support of his theory that the negligence of Phillips as a matter of law was necessarily a proximate cause of the accident. It is elementary that each case must be determined on the facts and circumstances of the particular case; and we find that the facts and circumstances in the cases relied on by Speer may be readily distinguished from those present here.

For the reasons stated, the judgment complained of is affirmed.

*Affirmed.*