# Richmond

## Douglas D. Johnson v. Graham Marvin Slusher.

April 23, 1973.

Record No. 8074.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Harman and Poff, JJ.

*Philip Lee Lotz* (*Lotz, Black, Coleman & Gudal*, on brief) for plaintiff in error.

*P. Donald Moses* (*Wayt B. Timberlake, Jr.; Timberlake, Smith, Thomas & Moses*, on brief), for defendant in error.

Per Curiam.

Douglas D. Johnson filed a motion for judgment against Graham Marvin Slusher for damages resulting from injuries he received when the vehicles they were operating collided head on. A jury returned a verdict in favor of Johnson for $13,000. The trial court sustained Slusher's motion to set aside the verdict, ruling that a skid mark proved Johnson to be guilty of contributory negligence as a matter of law. Final judgment was entered for Slusher, and we granted Johnson a writ of error.

The accident occurred on May 3, 1968, at about 8:15 a.m. on Route 796 in Augusta County. Johnson's Ford van was traveling north at between 40 and 50 miles an hour, and Slusher's Corvair automobile was proceeding south at approximately 35 miles an hour. The speed limit was 55 miles per hour. The blacktop road was 16 feet wide with no marked center line, the weather was clear, and the road was dry.

The vehicles collided with a substantial overlap, causing heavy damage from the center to the left front of each.

The testimony of the two drivers as to how the accident occurred was in direct conflict. Johnson testified that he was on his side of the road at all times. He said that when he first saw the Slusher car approaching 90 to 100 yards away in his, Johnson's, lane, he applied his brakes, sounded his horn, and ran his right wheels onto the shoulder to avoid the collision. He stated that Slusher and his female companion were facing each other.

Slusher testified that he had just cleared the brow of a hill which obstructed his view and was on his side of the road looking straight ahead when he saw a "blue streak," although the Johnson vehicle was white, coming toward him about a car length away. Slusher admitted, however, that he was teasing his companion about how big she was and had told her "she'd have to get out of the car, and push the car up the hill." And when pressed as to whether the other vehicle was really on his side of the road, he said "it seemed like it was."

The state trooper who investigated the accident, called as a witness by Johnson, testified that he found a skid mark extending 68½ feet, beginning 6 inches to Johnson's left of the center of the road, curving across the center to a point 2 feet into Johnson's lane, then curving back across the center and ending at the left front wheel of Johnson's van. The trooper located the approximate point of impact at a place where the skid mark had curved back to the left of the center of the road, 1 foot 8 inches into Slusher's lane.

In resolving the question before us, we are not unmindful that although the jury's verdict was in Johnson's favor, that verdict has been disapproved by the trial court, and so it does not come to this court with the same weight it would ordinarily be accorded. However, the verdict did resolve the conflict in the testimony of the two drivers in favor of Johnson. Therefore, unless some other evidence convicted him of contributory negligence, the verdict should not have been disturbed.

The only piece of evidence upon which the trial court relied in holding Johnson guilty of contributory negligence as a matter of law was the skid mark which had been testified to by the trooper. But the jury was not bound to accept the testimony of the trooper and to find that the skid mark was made by Johnson's vehicle. We say this for two reasons.

First, Johnson testified emphatically that he was on his side of the

road at all times and even ran off the road onto the shoulder to avoid the collision. So under his version, if it is believed, his vehicle could not have made the skid mark. Second, a photograph introduced into evidence showed the two vehicles and their positions in the road after the collision and before they had been moved. A skid mark shown in the photograph did not lead to the left front wheel of Johnson's vehicle, as the trooper testified the skid mark he observed had done, or to any portion of the vehicle. If the trooper was referring to another mark leading to the left front wheel, which cannot be seen in the photograph, then that mark would have ended in Johnson's lane of travel because the photograph showed all of his vehicle on his proper side, albeit at right angles to the road.

There was nothing inherently incredible about Johnson's testimony. The jury obviously believed it, as it had the right to do. This is a typical case where reasonable men might differ as to the conclusion which might properly be drawn from the evidence. In such a situation, a jury is the proper tribunal to determine whether the facts establish contributory negligence. *Speer* v. *Kellam, Adm'r,* 204 Va. 893, 898, 134 S.E.2d 300, 304 (1964). The trial court should not have substituted its judgment for that of the jury, and it erred in setting aside the verdict.

For the reasons stated, the judgment appealed from will be reversed, the jury verdict reinstated, and final judgment entered thereon in favor of Johnson.

*Reversed and final judgment.*