## CIRCUIT COURT OF THE CITY OF WINCHESTER

Alger

v.

Simmerman

August 11, 1981

Case No. (Law) 81-L-38

By JUDGE HENRY H. WHITING

This case involves a demurrer and a number of preliminary issues which will be disposed of in this letter.

Is evidence of flight admissible as evidence from which the jury can infer negligence?

Such evidence is admissible to support a permissive inference. See opinion letter of The Honorable Robert K. Woltz dated June 23, 1981. The Court does not believe that opinion is limited to the issue of whether the defendant was operating the car but also encompassed the consideration of flight as evidence of liability for negligence on the part of the defendant.

Is admission of a guilty plea of driving under the influence in order to qualify for the ASAP program admissible?

Normally such a plea is admissible as an implied admission of liability and as some evidence from which a jury might infer that the defendant was, in fact, intoxi-

cated. § 8.01-418 Virginia Code; *Bagley* v. *Weaver*, 211 Va. 779 (1971). The defendant recognizes that if he had testified that he had nothing to drink the plea would be admissible in rebuttal. The Court perceives no distinction in its admissibility in chief. The defendant has put the matter in issue and the plaintiff to his proof of defendant's intoxication in his denial of the allegations of Paragraph 5(f) of the Motion for Judgment in Paragraph 5 of his Answer and Grounds of Defense. This then authorizes the plaintiff to adduce any admissible evidence which might show that he was intoxicated, and the Court can think of no better evidence than his judicial admission. The defendant would have the right to explain why he pled guilty and the trier of the facts can draw such inferences as might be proper upon both parties' evidence as to this issue.

Are the allegations of the motion for judgment sufficient to create a factual issue entitling plaintiff to the jury's consideration of punitive damages?

In the Court's opinion, the defendant reads *Baker* v. *Marcus*, 201 Va. 905 (1960), too restrictively. There the Trial Court was reversed for failing to strike the evidence on punitive damages where the plaintiff's car was "rear ended" by the defendant, who had been drinking, but the policeman merely said she was a "borderline" case and was therefore only charged with reckless driving. The Supreme Court indicated that such evidence was insufficient to show anything other than ordinary negligence, even though perhaps such negligence:

> may have been partly due to the intoxicants which [defendant] had imbibed; but there is nothing to show that she acted in a spirit of mischief, criminal indifference, or conscious disregard of the rights of others. *Id.* at 910.

However, the Court made it clear that punitive damages may be imposed where a defendant has acted "recklessly, or with such negligence as evinces a disregard of the rights of others, or criminal indifference to civil obligations." *Id.* at 908. If the evidence in this case shows that the defendant was intoxicated to such an extent as to be unable to operate his motor vehicle with due regard for the safety of others, the Court believes a

jury issue will be created as to punitive damages. The allegations, while somewhat sparse, are sufficient to establish conduct of that character. Therefore, the demurrer will be overruled as to that point.

Paragraph 6 of the Motion for Judgment is an insufficient allegation justifying an award of punitive damages. Leaving the scene of the accident is conduct *after* the fact and could not justify a jury award of punitive damages or conduct *before* the collision. See Judge Woltz's opinion, *supra.*