## CIRCUIT COURT OF SCOTT COUNTY

Carolyn Culbertson

v.

Curtis James Mays

December 9, 1997

Case No. CL97-16

BY JUDGE FORD C. QUILLEN

This matter is before the Court on a motion to set the verdict aside. There are a number of grounds assigned in the plaintiff's motion, and the Court will discuss Number 2 first because the Court feels it may be dispositive of the other issues in this case.

In the Motion to Set Aside, the Allegations of Error Number 2 are as follows: "The Court erred in failing to give the plaintiff's proffered instruction . . . . That instruction was: As a matter of law, the defendant was negligent and his negligence was a proximate cause of the accident."

The evidence in the case is that the defendant did, in fact, plead guilty to the charge of failure to yield the right-of-way (a statutory violation) and this plea was offered as evidence in the case. However, at the trial, the defendant testified that prior to entering the highway, he stopped, looked both ways, did not see any cars, and then proceeded to enter the highway. He stated that as he was entering the highway, he saw the oncoming vehicle, tried to back up, but it was too late to do anything, and a collision occurred.

The Court determines that it was correct in refusing to give the above instruction for the following reasons. The instruction offered was not only a finding of negligence but also was a finding of proximate cause. In Virginia, when the liability evidence is uncontradicted, the courts have held that even a violation of a statutory traffic rule, such as failure to yield the

right-of-way, is negligence *per se*. However, the courts have repeatedly ruled that it is still a question for the jury to determine whether or not such negligence is a proximate cause of the injury. A statutory violation may amount to negligence as a matter of law.

"Whether or not such violation be a remote cause or the cause which proximately contributes to the injury is a question for the jury." *Crouse v. Pugh*, 188 Va. 156, 167 (1948); *Dugroo v. Garrett*, 203 Va. 918 (1962); *Speer v. Kellam*, 204 Va. 893, 898 (1964). However, in this particular case, the testimony of the defendant, which was that he was stopped before entering the road, looked both ways with no vehicle in sight, made the issue of whether or not he was negligent *per se*, at a minimum, a question for the jury. The Court was not confronted with this issue since the plaintiff in this case failed to offer an instruction dealing with negligence *per se*, leaving the question of proximate cause to the jury.

### Legal Effect of Judicial Plea

Since the defendant's evidence refutes the statutory violation of failure to yield the right-of-way, the question remains with the Court as to the legal effect of the judicial plea. The courts in Virginia hold that when there is a judicial plea which is in conjunction with evidence offered by the defendant, then the judicial plea (admission) is evidence which the jury shall consider with the additional evidence offered by the defendant in determining the defendant's negligence. Where the defendant offers evidence contradicting his plea, there cannot be a finding of negligence *per se* and certainly not a finding of negligence and proximate cause as a matter of law, which was the instruction offered by the plaintiff. (In this case, the plaintiff failed to offer any instructions on failure to yield as negligence *per se*, failure to yield as negligence, or failure to keep a proper lookout.)

In the case of *Chodorov v. Eley*, 239 Va. 528 (1990), the defendant had pleaded guilty to a traffic violation. The plaintiff contended that this constituted a judicial admission in a finding of negligence on the part of the defendant. The court rejected that instruction because there was other evidence concerning the plea.

In the Circuit Court case of *Alger v. Simmerman*, 8 Va. Cir. 26 (1981), a case decided by Judge Whiting, the defendant pleaded guilty to driving while intoxicated, and the court held that fact could be held as a judicial admission on the issue of liability, but:

The defendant would have the right to explain why he pleaded guilty and the trier of the facts can draw such inferences as might be proper upon both parties' evidence as to this issue.

It is clear from these cases that when a defendant offers evidence, either refuting or explaining the judicial admission, then that admission would not be conclusive and would be considered by the jury along with any other evidence offered by the defendant on the issue of negligence.

In regard to the other issues presented by the Motion to Set the Verdict Aside, the Court states that based on the limited effect of the guilty plea, the Court cannot overturn the jury's verdict in favor of the defendant.