## McLAUGHLIN v CAMPBELL

Ohio Appeals, 7th Dist, Mahoning Co

Decided June 11, 1930

Morris Mendelssohn, Youngstown, for McLaughlin.

Wm. E. Pfau, Youngstown, for Campbell.

ROBERTS, J.

The trial court said in his instructions: "The court says to you as a matter of law, that if you find the plaintiff was guilty of any negligence which directly contributed in the slightest degree to cause this accident, then the plaintiff can not recover and your verdict must be for the defendant, Mr. Campbell."

An instruction substantially, perhaps precisely, the same as this was under consideration in the case of **Chesrown v. Bevier, 101 Oh St, 282.** In this case it is claimed that the court erred in refusing to give the request, and in this connection the court said in the second proposition of the syllabus:

"Upon a written request to charge before argument, if the request correctly states the law such as is pertinent to one or more of the issues of the case, and the same subject has not been covered by other charges given before argument, it is error to refuse to give such charge before argument, even tho the language of the charge is not the exact language the court would have selected."

The court in the opinion suggested that the word "any" would have been preferable to the word "slightest" in connection with contributory negligence, but it held that even then it was prejudicial error to refuse to give such request. No error can be predicated, therefore, upon the giving of that request.

Again, complaint is made of this language

used by the court:

"If you find in this case that both of the parties were guilty of some negligence which directly contributed and combined to cause this accident, then of course under the law your verdict must be for the defendant, Mr. Campbell."

We find no error in the giving of this request. Another request was complained of as given, reading as follows:

"The court says to you that before the driver of a vehicle stops it, the law requires him to make sure that such movement can be made in safety and to cause signals to be made of his intention to stop his automobile in a way visible outside the automobile, and a failure to do so would be negligence."

This request was a substantial statement of 6710-22 GC. It is conceded that the plaintiff gave no signal at the time or immediately preceding the time when he stopped his car. Reading from page 113 of the record:

"Q You understand my question, do you? I say it was just as you got your car stopped that you heard the crash in the rear?

A No, sir, I was stopped.

Q I just wanted to see what you said. You had stopped. I wanted to be sure you understood the question.

A I am sure I understand it.

Q You hadn't extended your hand or given any signal you were going to stop before you stopped, did you?

A When I looked in the windshield mirror I could see they were way back, the street car. I didn't see any automobile and I had stopped and they were far enough back, and I pulled clean to the right side of the street. It wasn't necessary for me to hold my hand out when there was a street car coming.

Q I just asked you this one little question. Did you put your hand out or give any signal before you stopped?

A I did not."

This request as given, where there was a conceded failure to give a signal would suggest presumably the propriety of a verdict for the defendant on this instruction to the jury. Notwithstanding this is a substantially correct statement of the section quoted, we do not wish to be understood as holding that the terms of this section constitute a positive iron clad rule to the effect that the failure to give a signal under all circumstances and conditions precludes a right of recovery. Numerous conditions and environments may be conceived of whereby it would be utterly impossible to give the required signal, or an attempt to do so would perhaps increase the danger of an impending accident, but applying the rule to this case there is nothing to suggest or indicate any condition or circumstance whereby the rule might not properly have been observed, and we apprehend that in this case it should have been given. The defendant says that he would have seen a signal and would have had an opportunity to have stopped and prevented the accident. The collision was not very severe by reason of the reduced speed of the cars, and it is quite porbable that if the defendant had been apprised by a signal given by the plaintiff's car when the plaintiff had determined to slacken its speed and bring it to a stop the collision might have been averted. For the reason that there is no excuse or anything suggested why the statute should not have been complied with, we understand that it should be considered as in force and effect and should have been obeyed in this accident, and that failure to so obey the rule was not only contributory negligence, and thereby making the verdict against the manifest weight of the evidence, but the giving of it was not prejudicial error as complained of by the plaintiff in error.

The conclusion of this court is that the plaintiff was guilty of contributory negligence, and such being the fact there was no reversible error in this case and the judgment of the Court of Common Pleas is affirmed.

Pollock and Farr, JJ, concur.