## SCHRADER v GEORGE

Ohio Appeals, 9th Dist, Lorain Co

No 581. Decided Oct 21, 1931

Wm. A. Miller, Amherst, and L. D. Hamlin, Elyria, for plaintiff in error.

Fauver & Fauver, Elyria, for defendant in error.

50

WASHBURN, J.

One of the errors claimed is that the finding of the jury is manifestly against the weight of the evidence.

It is conceded that Gladys Schrader was not negligent in any manner whatever, and it must also be conceded that if Glen George was guilty of any negligence which was a proximate cause of Gladys Schrader's injuries, he is liable therefor.

There is some conflict in the evidence, but the uncontradicted facts and the testimony of Glen George himself are such as rendered a finding that George was not guilty of any negligence which proximately caused the injuries, manifestly against the weight of the evidence. He was driving northerly on the right-hand side of a street upon which there was a double track street railroad. He desired to turn to the left, cross the street car tracks and the street, and drive into his place of business, which was located about midway between two intersecting streets. Shortly before he reached his place of business, he passed a street car traveling in the same direction he was going, and he knew that that street car was traveling upon said tracks behind him, and when he got to the place where he desired to turn and cross the street in the middle of the block, he pulled over onto said street car tracks and stopped, without giving any signal or looking to see how close behind him the street car was and when there was automobile traffic approaching on the opposite side of the street—with the result that the street car hit his automobile and drove it on across the street and into the car being driven by Gladys Schrader on the other side of the street and in front of his place of business, and then almost instantly a truck which had been driving behind Gladys Schrader crashed into the two cars which were in collision in front of Glen George's place of business.

There was evidence tending to prove that Gladys Schrader was injured at least to some extent when the Glen George car collided with her car. There was evidence also of an ordinance of the city which specifically forbade Glen George crossing the street at that place as he did, and there was also a state statute which required drivers of vehicles before turning, stopping, or changing their course, to make sure that such movement could be made in safety, and to cause signals to be made of their intention in a way visible outside the vehicle.

Under such circumstances and on the whole record, we cannot permit to stand a finding that Glen George was not guilty of any negligence which was a proximate cause of the injuries to Gladys Schrader.

The judgment is therefore reversed and the cause remanded for retrial.

PARDEE, PJ, and FUNK, J, concur.