By the Court.
 

 The issues in these two cases are identical and they were consolidated for the purpose of trial, the first being by Mrs. Lindemann for damages for personal injuries, and the second by her husband for loss of services, medical expenses, etc., arising out of such injuries. A verdict was directed by the Common Pleas Court upon the pleadings and plaintiff’s statement of the case to the jury. That judgment was reversed by the Court of Appeals, two judges concurring, one dissenting; upon motion this court directed certification.
 

 Though the statement was at some length, the essential and controlling facts may be briefly stated. On April 13, 1933, between nine and ten o’clock in the forenoon, while plaintiff was driving her automobile
 
 *480
 
 north on Hall avenue in Lakewood in the rear of the truck of the defendant traveling in the same direction, her automobile came into collision with the rear end of such truck, resulting in certain injuries. She had followed the truck a few hundred feet and was driving in second gear. The driver of the truck, without signal or other warning, and without being required to do so by any obstacle in its path, but for the purpose- of making delivery of some merchandise, brought it to a stop with its right hand wheels four or five feet from the curb. At the time of the collision and during the progress of her automobile from the intersection of Detroit avenue, a few hundred feet to the south, the plaintiff “was at such a distance behind the Higbee truck as that she could have brought it to a stop within the assured clear distance ahead” of her automobile. The brakes of her automobile were in good condition; and immediately upon discovering the stopping of the truck she made every effort to bring her automobile to a stop. There was not room to pass the truck on the right, and she could not pass on the left because of the south-bound traffic.
 

 This statement discloses either a manifest violation of Section 12603, General Code, by the plaintiff in the operation of her automobile, or that the plaintiff was driving at such speed that she could have stopped within the assured clear distance ahead and, for some unexplained reason, failed to do so. The facts stated were such as to require the direction of a verdict against the plaintiff. The Common Pleas Court, therefore, did not commit error. It follows that the judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias and Zimmerman, JJ., concur.