## Richmond

### CHARLOTTE A. BROWN v. MAJOR WRIGHT.

June 13, 1975.

Record No. 740819.

Present, All the Justices.

*Michael S. Weisberg* (*Weisberg & Stein,* on brief), for plaintiff in error.

*E. C. Ferguson, Jr.,* for defendant in error.

Per Curiam.

Charlotte A. Brown, plaintiff, filed a motion for judgment in the trial court against defendant, Major Wright, for personal injuries alleged to have resulted from a collision that occurred in the City of Suffolk between an automobile operated by Brown and a truck driven by Wright. A jury trial was held, and, at the conclusion of the plaintiff's evidence, the defendant moved to strike the evidence on the ground that it showed that Brown was guilty of contributory negligence that barred her recovery. The motion was overruled at that time but was sustained when renewed at the conclusion of the

defendant's evidence. The plaintiff appeals the summary judgment entered for the defendant.

The uncontradicted evidence shows that, at about 4:30 p.m. on August 14, 1973, a clear, dry day, Brown, who had been driving eastwardly along Route 337, a two-lane street with a speed limit of 45 miles per hour, stopped preparatory to making a left turn to go north on Reid Street. While stopped her car was struck in the rear by Wright's truck.

Brown testified that, as she proceeded along Route 337 at about 40 miles per hour, she observed Wright following her at a distance of about 80 feet; that about 90 feet from Reid Street she activated her turn signal to show her intention to turn left; and that she had remained stopped for 10 to 15 seconds, waiting for traffic to clear before making her left turn, when her car was struck by the truck.

Brown could not remember when she last looked in her rear view mirror and saw the truck behind her, but in a pre-trial deposition she had testified that she did not look again before preparing to make her turn.

Brown further testified that after the collision Wright told her that he had taken his eyes off the street and had looked again when it was too late to stop; that Wright apologized for his truck striking her car; and that Wright said that he had seen Brown's turn signal but could not stop.

The investigating officer, State Trooper Goff, testified that, when he arrived at the scene shortly after the accident, Wright said, "It was my fault, I didn't realize she was turning." Goff also testified, without objection, that he gave Wright a summons for following the Brown vehicle too closely.

Wright's testimony was that Brown gave no signal of her intention to turn and suddenly stopped when his truck was too close to avoid the collision. He agreed that he had been following Brown's car down the street at a distance of about 80 feet and that both cars were traveling at 40 to 45 miles per hour. Wright admitted that when Brown assured him after the accident that she was not hurt, he told the officer that the collision was his fault and that he "would take the blame for it."

The basis of the motion to strike was that as a matter of law Brown was guilty of negligence which was a proximate cause of the accident in that, "by her own testimony", she failed "to look in her rear view mirror before bringing her vehicle to a stop." The evidence,

however, viewed in the light most favorable to Brown, does not establish that her actions constituted contributory negligence as a matter of law. It does no more than raise an issue of fact to be resolved by the jury. *See Monday* v. *Oliver, et al.,* 215 Va. 748, 214 S.E.2d 142 (1975). Brown's testimony was that she looked in her rear view mirror as she drove along Route 337 but did not look as she prepared to make her left turn. The driver of a front car, however, is not required to be constantly on the lookout for a following vehicle. *Richardson* v. *Hackett,* 204 Va. 847, 850, 134 S.E.2d 312, 315 (1964). It was for the jury to determine whether she acted with reasonable care under the circumstances. *Sink* v. *Masterson,* 191 Va. 618, 624-25, 61 S.E.2d 863, 866 (1950).

Wright's counsel raised for the first time before us the issue of Brown's failure to comply with the provisions of Code § 46.1-217(b) (Repl. Vol. 1974) which requires that "[w]herever the lawful speed is more than thirty-five miles per hour, such [turn] signals shall be given continuously for a distance of at least one hundred feet...." The motion to strike the plaintiff's evidence and the trial court's ruling thereon were not grounded on a violation of this statute, and the question is not, therefore, properly before us. Rule 5:7. However, if we assume, as Wright contends, that the evidence demonstrates that Brown was guilty of negligence *per se* in violating her statutory duty, the question remains whether her negligence was a proximate cause of the accident. *Dugroo* v. *Garrett,* 203 Va. 918, 920, 128 S.E.2d 303, 305 (1962); *Reid* v. *Boward,* 181 Va. 718, 723, 26 S.E.2d 27, 29 (1942). That question also is typically one for jury decision. *See Hoffman* v. *Stuart,* 190 Va. 880, 885, 59 S.E.2d 94, 97 (1950).

If the jury believed Brown's testimony they could have found that she was free from negligence that proximately contributed to cause the accident. Accordingly, the trial court erred in sustaining the defendant's motion to strike the plaintiff's evidence, and the judgment order is reversed and the case remanded for a new trial not inconsistent with the views herein expressed.

*Reversed and remanded.*