CRAWFORD, APPELLEE, *v.* HALKOVICS, APPELLANT.

[Cite as Crawford *v.* Halkovics (1982), 1 Ohio St. 3d 184.]

(No. 81-1903—Decided August 11, 1982.)

*Mr. Robert J. Sawyer,* for appellee.

*Messrs. Cronquist, Smith, Marshall & Kagels* and *Mr. Philip J. Weaver, Jr.,* for appellant.

*Per Curiam.*  A court may properly grant a motion for a directed verdict

where, after construing the evidence most strongly in favor of the party against whom the motion is directed, it finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party. Civ. R. 50(A)(4). If, however, there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied. *Kellerman* v. *J. S. Durig Co.* (1964), 176 Ohio St. 320 [27 O.O. 2d 241]; *Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114 [4 O.O. 3d 243]; *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282 [21 O.O. 3d 177].

The Court of Appeals based its decision that the trial court erred in not granting the plaintiff a directed verdict at the close of the evidence on its finding that failure of the plaintiff to operate her vehicle with properly functioning brake lights, as required by statute, could not have been a proximate cause of the rear-end collision. It was the court's opinion, in light of the fact that the collision occurred in broad daylight with the Crawford automobile clearly discernible to the defendant, that "reasonable minds could only have concluded that * * * [the defendant's] negligence *per se* [in failing to comply with R.C. 4511.21, the assured clear distance statute] was the sole cause of the collision herein, regardless of whether or not * * * [the plaintiff's] brake lights were operative."

The automobile accident at issue in this case occurred before the effective date of R.C. 2315.19, the comparative negligence statute. At the time of the accident, a plaintiff found to have been contributorily negligent was barred from recovery where a direct and proximate causal relationship existed between the plaintiff's negligent act and the injury received. *Bahm* v. *Pittsburgh & Lake Erie Rd. Co.* (1966), 6 Ohio St. 2d 192 [35 O.O.2d 307]. Even where a defendant was found to have violated a duty imposed by statute and been guilty of negligence *per se,* if contributory negligence on the part of the plaintiff was established and shown to be a proximate cause of the plaintiff's injury, there could be no recovery. *Patton* v. *Pennsylvania Rd. Co.* (1939), 136 Ohio St. 159 [16 O.O. 114]. Consistent with these principles this court expressly held in *Transportation Corp.* v. *Lenox Trucking, Inc.* (1968), 15 Ohio St. 2d 1 [44 O.O.2d 1], that even though a defendant was chargeable with negligence *per se* for a violation of the assured clear distance statute, contributory negligence shown to be a proximate cause of the injury would defeat the plaintiff's action. Contributory negligence has been defined as "any want of ordinary care on the part of the person injured, which combined and concurred with the defendant's negligence and contributed to the injury as a proximate cause thereof, and as an element without which the injury would not have occurred." *Brinkmoeller* v. *Wilson* (1975), 41 Ohio St. 2d 223, 226 [70 O.O.2d 424].

The evidence in this case, when construed in the defendant's favor, is sufficient to support a finding that the brake lights on the Crawford automobile were not operating immediately prior to the accident, that

Crawford did not otherwise signal her intention to stop or suddenly decrease her speed, and that Crawford was thus in violation of R.C. 4513.071 and 4511.39[1] and negligent *per se*. We do not share the Court of Appeals' opinion that reasonable minds could not have found that Crawford's negligence *per se* was a proximate cause of the accident.

"Ordinarily, the issue of causation is for the determination of the jury and it is not for the court to substitute its reasoning for that of the jury in a field which belongs peculiarly to the latter." *Baldridge* v. *Wright Gas Co.* (1951), 154 Ohio St. 452 [43 O.O. 369], paragraph three of the syllabus. See, also *White* v. *Ohio Power Co.* (1960), 171 Ohio St. 148 [12 O.O.2d 169]. In Prosser on Torts (4 Ed.), 237, Section 41, it is stated that the determination of whether one's conduct has caused an injury is a question of fact "upon which all the learning, literature and lore of the law are largely lost. It is a matter upon which any layman is quite as competent to sit in judgment as the most experienced court. For that reason, in the ordinary case, it is peculiarly a question for the jury."

This court has not decided a case in which the absence of brake lights on the plaintiff's vehicle was contended to have been contributory negligence and a proximate cause of a rear-end collision.[2] Other courts, however, have passed on the question, and many of those courts have held that the issue as to whether a failure of brake lights substantially contributed to a rear-end collision was an issue properly resolved by the jury. In *Correll* v. *Werner* (Pa.

---

[1] R.C. 4511.39 provides, in part:

"* * * No person shall stop or suddenly decrease the speed of a vehicle or trackless trolley without first giving an appropriate signal in the manner provided herein to the driver of any vehicle or trackless trolley immediately to the rear when there is opportunity to give a signal.

"Any stop or turn signal required by this section shall be given either by means of the hand and arm, or by signal lights * * *."

R.C. 4513.071 provides, in part:

"All motor vehicles when operated upon a highway shall be equipped with at least one stop light mounted on the rear of the vehicle which shall be actuated upon application of the service brake, and which may be incorporated with other rear lights.

"* * *

"Such stop lights when actuated shall give a steady warning light to the rear of a vehicle or train of vehicles to indicate the intention of the operator to diminish the speed of or stop a vehicle or train of vehicles. * * *"

[2] In *Higbee Co.* v. *Lindemann* (1936), 131 Ohio St. 479 [6 O.O. 154], a case cited to us by the plaintiff, one Lindemann was a following driver who collided into the rear of a truck which had stopped in the street without signaling. Lindemann sued the employer of the truck's driver. This court held that Lindemann was in violation of the assured clear distance statute, and that the defendant was thus entitled to a directed verdict. The *Lindemann* case does not hold that the absence of a preceding vehicle's signal lights cannot be a contributing or proximate cause of an accident, as any contributory negligence on Lindemann's part would bar recovery despite the degree of fault on the defendant's part. Thus, the court's finding of negligence on the part of the plaintiff Lindemann in failing to comply with the assured clear distance statute was determinative of the case. Further inquiry as to whether the truck driver's failure to signal contributed to the accident would have been superfluous.

Super. 1981), 437 A. 2d 1004, for example, the defendant's automobile struck the rear of the plaintiff's automobile on a two-lane highway at approximately 4:00 p.m. on a Friday afternoon. The defendant testified that he had been driving at 30 to 35 miles per hour when he first noticed the plaintiff's automobile about 200 feet ahead, but could not tell whether the car was stationary or moving. The defendant next noticed the car when he was one or two car lengths behind it, but could not stop his car in time to avoid the collision. The defendant testified that he never saw brake lights, turn signals or hand signals. Police testimony indicated that the plaintiff had been stopped two days prior to the accident for defective brake lights and turn signals, and that those lights were inoperable after the accident. The same policeman witnessed the accident, and testified that he never saw brake lights or turn signals on plaintiff's car before the accident. The Superior Court of Pennsylvania held that on these facts, the issue whether the plaintiff's lack of brake lights, turn signals or hand signals was a proximate cause of the rear-end collision was for the jury, and that the issue of contributory negligence should have been submitted to the jury. A directed verdict for the plaintiffs, the driver and passengers in the preceding vehicle, was reversed. See, also, *Schrader* v. *George* (1931), 12 Ohio Law Abs. 49; *McLaughlin* v. *Campbell* (1930), 9 Ohio Law Abs. 240; *McMahon* v. *Young* (1971), 442 Pa. 484, 276 A. 2d 534; *Brown* v. *Wright* (1975), 216 Va. 10, 216 S.E. 2d 13; *Cox* v. *Miller* (Ala. 1978), 361 So. 2d 1044; *Tafoya* v. *Whitson* (1971), 83 N.M. 23, 487 P. 2d 1093.

Other courts have held that the absence of brake lights on a preceding vehicle is not a causative factor of a rear-end collision. However, in such cases the particular factual circumstances differ from those of the case before us, generally in that the evidence led to only one reasonable conclusion: that the following driver would not have seen or heeded a brake light or required signal of intention had it been given.[3]

In the case at bar, Halkovics testified that her vision was focused straight ahead as she proceeded through the intersection at approximately 10 miles per hour and that she saw no brake lights or other indication that the Crawford automobile was coming to a second stop immediately past the intersection at a point where a preceding driver could be expected to accelerate. She testified that she was completely alert and paying attention to her driving

---

[3] *E.g., Hallett* v. *Stone* (1975), 216 Kan. 568, 534 P. 2d 232 (following driver actually observed sudden decrease in speed of preceding automobile despite absence of signal). See Prosser on Torts (4 Ed.) 238, Section 41 ("* * * [A]n act or an omission is not regarded as a cause of an event if the particular event would have occurred without it. * * * The omission of a traffic signal to an automobile driver *who could not have seen it if it had been given* is not a cause of the ensuing collision"). (Emphasis added.)

See, also, *Burroughs* v. *McGinness* (1978), 63 Ill. App. 3d 664, 380 N.E. 2d 37, where it was held, over a vigorous dissent, that the evidence was insufficient to justify a jury instruction on contributory negligence despite the plaintiff's failure to comply with the Illinois "turn signal statute"; and the cases collected in Annotation, Sudden or unsignaled stop or slowing of motor vehicle as negligence, 29 A.L.R. 2d 5, 77.

immediately prior to the accident. In light of this testimony, and the other evidence presented we believe that reasonable minds could have concluded that the presence of brake lights on plaintiff's car might have alerted Halkovics to the slowing of the Crawford car enabling her to have stopped in time to avoid the collision. For this reason the trial court correctly refused to grant the plaintiff a directed verdict, and the judgment of the Court of Appeals must be reversed.

*Judgment reversed.*

W. Brown, Sweeney, Holmes and Krupansky, JJ., concur.

Celebrezze, C.J., Locher and C. Brown, JJ., dissent.

Celebrezze, C.J., dissenting. Although I acknowledge the correctness of the proposition that "[e]ven though a defendant is chargeable with negligence *per se* for a violation of the assured-clear-distance-ahead statute, the defense of contributory negligence on the part of the plaintiff is not thereby precluded * * *," *Transportation Corp.* v. *Lenox Trucking Co., Inc.* (1968), 15 Ohio St. 2d 1 [44 O.O. 2d 1], paragraph two of the syllabus, I am constrained to point out that, in order to bar the plaintiff's recovery, plaintiff's contributory negligence must be a proximate cause of the injuries. Since my reading of the record compels me to conclude that any alleged contributory negligence of the plaintiff was not a proximate cause of the collision, I must respectfully dissent.

In addressing the assured-clear-distance-ahead rule, this court recently ruled in *Lewis* v. *Certified Oil Co.* (1981), 67 Ohio St. 2d 277, 279 [21 O.O. 3d 174]:

"The seminal case on the assured-clear-distance-ahead rule is *McFadden* v. *Elmer C. Breuer Transportation Co.* (1952), 156 Ohio St. 430 [46 O.O. 354], in which this court ruled that a driver has a duty to operate his automobile in a sufficiently careful manner so that the vehicle can be brought to a stop without colliding with a reasonably discernible object located ahead of him in his lane of travel.

"In deciding this case, we are mindful of the observation that:

" 'In most instances the question whether the object with which the collision occurs is reasonably discernible gives little difficulty. *A train on a highway crossing or a truck or an automobile on the highway in the driver's path can be considered reasonably discernible without more evidence than the fact of its presence. * * *'* (Emphasis added.) *McFadden* v. *Breuer, supra,* at page 435.

"Similarly, in *Blair* v. *Goff-Kirby Co.* (1976), 49 Ohio St. 2d 5 [3 O.O. 3d 4], we ruled that a jury question as to the discernibility of an object is *not* presented when reasonable minds could not differ on the issue of the reasonableness of an object's discernibility."

Applying the foregoing law to the facts at bar, the Court of Appeals correctly concluded that:

"* * * In the instant case, it is our view that reasonable minds could only have concluded that * * * [Halkovics'] negligence per se was the sole cause of the collision herein, regardless of whether or not appellant's brake lights were operative." More specifically, the accident occurred on a clear, dry day in broad daylight. Appellant Halkovics testified that Crawford's car had always been in her vision after proceeding through the Harvard Road intersection.

From these facts, it seems to me that since Crawford's car "had always been in * * * [Halkovics'] vision," then appellant should have determined that she was gaining unduly on Crawford's car and slowed her vehicle accordingly. Additionally, in view of the fact that the accident occurred in a congested intersection, appellant should have taken into consideration the fact that she may have been required to stop or slow her vehicle suddenly. See, generally, *Burroughs* v. *McGinness* (1978), 63 Ill. App. 3d 664, 380 N.E. 2d 37.

Viewing the record as a whole, reasonable minds could come to but one conclusion — that, even assuming *arguendo* that plaintiff's brake lights were inoperative, such failure was not a proximate cause of the collision. Accordingly, under *Transportation Corp.* v. *Lenox Trucking, Inc., supra,* plaintiff's recovery should not be barred.

LOCHER and C. BROWN, JJ., concur in the foregoing dissenting opinion.

CLIFFORD F. BROWN, J. dissenting. The majority herein applies the common law principle of contributory negligence to uphold a jury verdict for defendant. In doing so, the court emphasizes that the issue whether plaintiff's injury was due to her own negligent conduct is a question of fact for the jury to determine, and not subject to a directed verdict.

My concern is that the principle be applied evenhandedly in all cases, for plaintiff and defendant alike. Our holding today must be seen as a two-edged sword, so that in future cases the question whether injury is proximately caused by defendant's negligence is also submitted to the jury for determination. Previous decisions by this court have directed verdicts for defendant because plaintiff failed to establish that injury was proximately caused by defendant's negligence. See, *e.g., Krupar* v. *Proctor & Gamble Co.* (1954), 160 Ohio St. 489 [52 O.O. 363]; *Gedra* v. *Dallmer Co.* (1950), 153 Ohio St. 258 [41 O.O. 274]. In *Gedra,* a jury verdict for plaintiff, who had been bitten by a rat in defendant's movie theater, was reversed by this court and judgment entered for defendant. Since plaintiff failed to show whose rat it was that bit her, the injury's proximate cause could not be defendant's negligence.[4]

---

[4] Many other decisions of this court, and of appellate courts, likewise have easily applied or extended the rule that the negligence of the defendant, as a matter of law, was not the proximate cause of plaintiff's injury and on that basis directed a verdict for the defendant. *E.g., Ford* v. *McCue* (1955), 163 Ohio St. 498 [56 O.O. 410]; *Masters* v. *New York Central R.R. Co.* (1947), 147 Ohio

This court has a history of displacing the jury, and resolving the causation issue in favor of defendants. While endorsing the use of the jury to decide causation questions, I submit that there should be equal justice for all, defendants and plaintiffs in the same measure.[5]

The majority correctly notes that proof of defendant's negligence *per se* does not preclude raising plaintiff's contributory negligence as an affirmative defense in a negligence action. *Transportation Corp.* v. *Lenox Trucking, Inc.* (1968), 15 Ohio St. 2d 1 [44 O.O. 2d 1]. However, when a defendant rear ends another vehicle in broad daylight which had stopped for traffic, even though plaintiff's brake lights were not operating, reasonable minds could only conclude that defendant's negligence *per se* was the sole proximate cause of the collision, and that plaintiff's negligence was not a proximate cause. Therefore, plaintiff has a right to a directed verdict on the issue of liability. *Patton* v. *Pennsylvania R.R. Co.* (1939), 136 Ohio St. 159 [16 O.O. 114].

Finally, I note that the "all or nothing" rule embodied in the old common law rule of contributory negligence has been superseded by R.C. 2315.19, the comparative negligence statute. This case demonstrates the injustice inherent in the old judge-made law which bars absolutely any recovery by a contributorily negligent plaintiff. Application of R.C. 2315.19 to all negligence actions will alleviate the harshness of the old law, and enable Ohio to join the growing list of enlightened jurisdictions which have rejected the "all or nothing" rule. See my dissents in *Straub* v. *Voss* (1982), 1 Ohio St. 3d 182 at 183 and *Viers* v. *Dunlap* (1982), 1 Ohio St. 3d 173 at 179.

Therefore, I dissent.

CELEBREZZE, C.J., and LOCHER, J., concur in the foregoing dissenting opinion.

---

St. 293 [34 O.O. 223]; *Cleveland Ry. Co.* v. *Barragate* (1932), 125 Ohio St. 190; *Miller* v. *B. & O. S.W. R.R. Co.* (1908), 78 Ohio St. 309. See, also, 39 Ohio Jurisprudence 2d 525-528, 558-560, Negligence, Sections 26 and 48.

Similarly at the pretrial stage in a negligence action this court has approved a summary judgment for defendants on the basis that the negligence of the defendants as a matter of law was not the proximate cause of plaintiff's injury. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64 [8 O.O. 3d 73].

[5] *Higbee Co.* v. *Lindemann* (1936), 131 Ohio St. 479 [6 O.O. 154], represents a factual situation identical to the case at hand. Only the parties are reversed. In *Lindemann,* the plaintiff collided with the rear of defendant's vehicle, which had no operating brake lights and gave no other signal when defendant brought the vehicle to a stop. This court held that defendant was entitled to a directed verdict due to plaintiff's violation of the assured clear distance statute, even though defendant had no operative brake lights and gave no other signal for stopping. *Id.,* at 480.

Since the defendant in *Lindemann,* who gave no braking or stopping signal, was entitled to a directed verdict because plaintiff violated the assured clear distance statute, to avoid a double standard of justice this court should hold that plaintiff Crawford, who similarly stopped without giving any braking or stopping signal, is equally entitled to a directed verdict on the issue of liability, since defendant Halkovics was negligent *per se* when she violated the assured clear distance statute and proximately caused the collision.