{¶ 20} For the following reasons, I respectfully dissent from the determination of the majority and would affirm the verdict of the jury. In reaching its determination, the majority posits its position on the fact that the coffee-maker's on/off switch was in the off position throughout the fire, therefore contradicting appellee's expert testimony as to the sequence of events which led to the fire's ignition. As such, the lower court should have granted the appellant's motion for a directed verdict.
 {¶ 21} A motion for a directed verdict is to be granted when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to such party. Civ.R. 50(A)(4); Crawford v. Halkovics (1982), 1 Ohio St.3d 184; The LimitedStores, Inc. v. Pan American World Airways, Inc. (1992), 65 Ohio St.3d 66.
 {¶ 22} A directed verdict is appropriate where the party opposing it has failed to adduce any evidence on the essential elements of this claim. Cooper v. Grace Baptist Church (1992), 81 Ohio App.3d 728, 734. The issue to be determined involves a test of the legal sufficiency of the evidence to allow the case to proceed to the jury, and it constitutes a question of law, not one of fact. Hargrove v. Tanner (1990),66 Ohio App.3d 693, 695; Vosgerichian v. Mancini Shah Associates
(Feb. 29, 1996), Cuyahoga App. Nos. 68931 and 68943. Accordingly, the courts are testing the legal sufficiency of the evidence rather than its weight or the credibility of the witnesses. Ruta v. Breckenridge-RemyCo. (1982), 69 Ohio St.2d 66, 68-69.
 {¶ 23} Since a directed verdict presents a question of law, an appellate court conducts a de novo review of the lower's court judgment.Howell v. Dayton Power and Light Co. (1995), 102 Ohio App.3d 6, 13;Keeton v. Telemedia Co. of S. Ohio (1994), 98 Ohio App.3d 405, 409.
 {¶ 24} In reviewing the record in the instant case, the appellee's expert testified that the coffee-maker somehow turned on, which in turn caused the thermostat that regulates the heating element to malfunction and overheat, and the two thermal cut-outs that act as safety features to prevent overheating also malfunctioned resulting in thermal runaway. In response, the appellants argue that the physical facts reflect that x-rays taken of the coffee-maker show the on/off switch in the off position, therefore contradicting the position of the appellee's expert that the coffee-maker somehow turned itself on.
 {¶ 25} First, the coffee-maker was an "automatic" coffee-maker, which by nature can automatically turn on or off internally without manually switching the on/off switch. Similar to a television set, the power button does not manually switch off when the "sleep timer" causes the television set to turn off. The majority mistakenly believes that because the coffee-maker's on/off switch was in the off position, then the sequence of events could not have occurred as opined by the appellee's expert. This position is illogical because the nature of an "automatic" coffee-maker is the ability to be turned on or off without manually switching the maker on or off. Moreover, the appellee's expert did not testify that the on/off switch turned to the on position, but rather that the coffee-maker somehow turned itself on. This being an automatic coffee-maker, it is not unreasonable to follow this line of reasoning.
 {¶ 26} Simply, both the appellees and appellants offered testimony as to the nature and cause of the fire which severely damaged the appellee's home. In reviewing the record and evidence, I believe that the appellees offered sufficient evidence to permit reasonable minds to differ as to whether a manufacturing defect existed in the coffee-maker at the time it left Black Decker, which defect proximately caused the damage to the appellee's home. Therefore, as sufficient evidence was offered to permit reasonable minds to reach different conclusions, the case was properly submitted to the jury.
 {¶ 27} In light of the above, I reject the majority's position since the appellees presented sufficient evidence to withstand a motion for a directed verdict. Since both parties offered differing, but reasonable opinions as to the nature and cause of the fire, the jury was the proper body to weigh the evidence and credibility of the witnesses, and the judgment in favor of the appellees reflects the will of the jury. Therefore, I respectfully dissent, and would affirm the judgment of the lower court.