OPINION
{¶ 1} On October 18, 2004, appellant, Joy Gregory, together with her husband, James Gregory, filed a complaint against appellee, David Heon, M.D., and others, claiming negligence due to the performance of a wrong or unnecessary surgery and mis-charting. The complaint stemmed from a hernia surgery performed on appellant on December 20, 2001.[1]
 {¶ 2} During the course of discovery, all defendants except appellee were either voluntarily dismissed or granted summary judgment.
 {¶ 3} On December 19, 2005, appellants filed a motion for leave to file an amended complaint to assert claims for spoliation of evidence and battery, and a motion for continuance of the trial date of January 10, 2006. By judgment entry filed December 23, 2005, the trial court denied both motions.
 {¶ 4} A jury trial commenced on January 10, 2006. At the close of appellants' case, appellee moved for a directed verdict pursuant to Civ. R. 50. The trial court granted the motion, finding appellants failed to meet their burden of proof. The trial court's decision was memorialized via judgment entry filed January 31, 2006.
 {¶ 5} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED DEFENDANT'S MOTION FOR A DIRECTED VERDICT."
 II {¶ 7} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND PLAINTIFFS' MOTION TO CONTINUE TRIAL."
 I {¶ 8} Appellants claim the trial court erred in granting a directed verdict to appellee. We disagree.
 {¶ 9} A motion for directed verdict is to be granted when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to such party. Crawford v.Halkovics (1982), 1 Ohio St.3d 184. "The question to be determined involves a testing of the legal sufficiency of the evidence to take the case to the jury, and is a question of law, not of fact." Hargrove v.Tanner (1990), 66 Ohio App.3d 693, 695. A motion for a directed verdict tests the legal sufficiency of the evidence rather than its weight or the credibility of the witnesses. Ruta v. Breckenridge-Remy Co. (1982),69 Ohio St.2d 66. Since a directed verdict presents a question of law, an appellate court conducts a de novo review of the trial court's judgment. Howell v. Dayton Power and Light Co. (1995),102 Ohio App.3d 6.
 {¶ 10} Civ. R. 50 governs motions for directed verdict. Subsection (A) states the following:
 {¶ 11} "(1) When made. A motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence.
 {¶ 12} "(2) When not granted. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts.
 {¶ 13} "(3) Grounds. A motion for a directed verdict shall state the specific grounds therefor.
 {¶ 14} "(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
 {¶ 15} "(5) Jury assent unnecessary. The order of the court granting a motion for a directed verdict is effective without any assent of the jury."
 {¶ 16} In directing a verdict for appellee, the trial court found the following:
 {¶ 17} "In this particular case, the Plaintiffs presented the testimony of Dr. Sanford Fogel as their expert witness. Dr. Fogel did not provide any expert opinion whatsoever concerning the standard of care, the Defendant's breach of that standard of care or proximate cause. In the absence of any such expert testimony from Dr. Fogel, the Plaintiffs' only expert witness, the Court must conclude in this case that reasonable minds can come to but one conclusion and that conclusion is adverse to the Plaintiffs." See, Judgment Entry filed January 31, 2006.
 {¶ 18} In making its decision, the trial court relied on the case ofBruni v. Tatsumi (1976), 46 Ohio St.2d 127. In Bruni at ¶ graph one of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 19} "1. In order to establish medical malpractice, it must be shown by a preponderance of evidence that the injury complained of was caused by the doing of some particular thing or things that a physician or surgeon of ordinary skill, care and diligence would not have done under like or similar conditions or circumstances, or by the failure or omission to do some particular thing or things that such a physician or surgeon would have done under like or similar conditions and circumstances, and that the injury complained of was the direct and proximate result of such doing or failing to do some one or more of such particular things."
 {¶ 20} The case was tried as an unnecessary hernia surgery case and the resulting pain from that surgery. T. at 164.
 {¶ 21} Appellant's pain management physician, James Wolfe, M.D., testified he examined appellant upon referral from appellee for her continual pain after the hernia surgery. January 11, 2006 T. at 232. Pursuant to appellant's history, Dr. Wolfe stated at first appellant's symptoms appeared to indicate a "torn intercostal muscle." Id. at 240. Thereafter, Dr. Wolfe opined the following:
 {¶ 22} "My records reflect that she had an extensive work-up, a CT scan of the abdomen. And then this would be unusual to do in this particular circumstance, so someone was concerned that something else was going on. And then she was sent to a surgeon for further evaluation. Again, fairly unusual for these types of symptoms." Id. at 240-241.
 {¶ 23} Dr. Wolfe did not testify as to any breach in the standard of care.
 {¶ 24} The testimony of appellant's expert, Sanford Fogel, M.D., was prefaced with, "Doctor, today we're here to determine whether or not the defendant, Dr. Heon, fell below the standard of care in his treatment of Joy Gregory." January 12, 2006 T. at 8. There was no response to the statement and inquiry proceeded as to Dr. Fogel's examination of appellant's medical records. Dr. Fogel opined appellant's CAT scan was normal, and there were "[n]o hernias, no holes" in the abdominal wall. Id. at 20, 23. Dr. Fogel further opined no mass was depicted in the CAT scan, and there was no objective evidence of a hernia from the records. Id. at 28.
 {¶ 25} Dr. Fogel stated the surgery described in the first operative record is inconsistent with the photographs of appellant's scar. Id. at 45. In the amended report, the situs of the incision was changed and the amended report described a different procedure although it was still a hernia repair. Id. at 58-59. The amended report corresponds to appellant's scar however, not as to the location of the hernia. Id. at 90.
 {¶ 26} Dr. Fogel opined appellant's record (history, physical exams and diagnostic tests) did not support the finding of a hernia or "the offering of a hernia surgery." Id. at 28. Dr. Fogel further opined on direct that the protocol for treatment of a person with appellant's complaints would be a CAT scan to identify anything, "watchful waiting" and needle exploration over the mass. Id. at 75.
 {¶ 27} On cross-examination, Dr. Fogel stated an operative exploration was warranted:
 {¶ 28} "Q. Dr. Fogel, Mrs. Gregory was an appropriate candidate for surgery, wasn't she?
 {¶ 29} "A. I can't tell you that specifically. I didn't see her or examine her at the time. I think I phrased it at the deposition, phrase it here now, not as an appropriate candidate, but it was reasonable to explore the mass if that's what you're leading me to.
 {¶ 30} "Q. And, Doctor, if you explore that mass, that's a surgery, isn't it?
 {¶ 31} "A. Yes.
 {¶ 32} "Q. And so the patient will have an incision, won't she?
 {¶ 33} "A. Yes." Id. at 87-88.
 {¶ 34} On re-direct, Dr. Fogel admitted it was not possible for him to determine what occurred during the surgery, "Since I wasn't there, and I have no other sources, I have no other way to conclude what actually took place." Id. at 90-91.
 {¶ 35} The question presented is whether the opinions rendered by Dr. Fogel are opinions on the lapse from the standard of care. We concur from the evidence presented that Dr. Fogel never stated the operation by Dr. Heon was unnecessary or a breach from the standard of care. Despite Dr. Fogel's attempts to explain he did not believe appellant had a hernia, he finally concluded he was unable to determine what actually happened.
 {¶ 36} Upon review, we find the trial court did not err in directing the verdict for appellee.
 {¶ 37} Assignment of Error I is denied.
 II {¶ 38} Appellants claim the trial court erred in denying their motion to amend the complaint. We disagree.
 {¶ 39} The decision to allow a party leave to amend a complaint is within the sound discretion of the trial court. Hoover v. Sumlin (1984), 12 Ohio At.3d 1. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 40} Civ. R. 15 governs amended pleadings. Subsection (A) states the following:
 {¶ 41} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."
 {¶ 42} Appellants' December 19, 2005 motion requested leave to amend to add claims for spoliation of evidence and battery against appellee. As set forth in the motion, appellants claimed to have recently discovered alterations to the operation report by appellee:
 {¶ 43} "Throughout the ongoing discovery of this matter, Plaintiffs have become aware that the records kept and/or accessible to Defendant Heon were altered. As such, the Defendant has a meritorious claim for Spoliation and punitive damages arising from said Spoliation. This contention is based on the fact that a record was received by the undersigned which had hand written changes upon said record with a date that is one and ½ years after the subject matter surgery. This contention was also recently confirmed in the deposition of Dr. Fogel, the Plaintiffs' expert witness. In light of this, the Plaintiff contends that the Operative Record, which is pertinent and necessary evidence in the case at hand was altered.
 {¶ 44} "Plaintiffs' expert, Dr. Fogel, has also opined that he believed the wrong surgery was performed on this patient. This testimony gives rise to a valid claim for Battery. Performing the wrong surgery, or performing surgery on the wrong patient, is a tortuous act and by not granting the Plaintiffs' instant motion, The Plaintiffs will be detrimentally prejudiced."
 {¶ 45} No affidavits, dates or deposition testimony is appended to the motion. No transcript of any oral or evidentiary hearing was filed by appellants. The motion was made some twenty-two days prior to trial and fourteen months after the re-filing of the complaint.
 {¶ 46} We note in the trial transcript, Dr. Fogel opined the first operative report was inconsistent with appellant's scar from the operation. The amended report is consistent with appellant's scar. Dr. Fogel opined he was unable to satisfy the contradiction of the two reports and tell which report was correct.
 {¶ 47} No where in the motion do appellants establish the time sequence of the notations and when appellants received the amended report.
 {¶ 48} Although hindsight may be twenty/twenty, the trial court was left blinded as to the time sequence and necessity for the amendment. As noted by the trial court, this matter had previously been filed and voluntarily dismissed and all discovery had been completed.
 {¶ 49} Upon review, we find the trial court did not abuse its discretion given the status of the record presented to the trial court in the motion.
 {¶ 50} Assignment of Error II is denied.
 {¶ 51} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed. By Farmer, J. Gwin, P.J. and Boggins, J. concur.
JUDGES
JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
JUDGES
[1] This case is a re-filing. The case had been previously filed and voluntarily dismissed.