OPINION
{¶ 1} Donald E. and Mary Ross appeal a judgment of the Court of Common Pleas of Ashland County, Ohio, entered on a jury verdict in favor of plaintiffs-appellees Stacy M., Cheyenne, and Shawnee Spidel. Appellants assign three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT COMMITTED ERROR BY OVERRULING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WHERE THE PLAINTIFF'S EXPERT WITNESSES' AFFIDAVIT RELIED ON FACTS OR EVIDENCE THAT WAS NOT PROPERLY CERTIFIED OR SWORN PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 56 (E).
 {¶ 3} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT ALLOWING THE DEFENDANTS' EXPERT WITNESS TO TESTIFY REGARDING THEIR (SIC) OPINIONS ON RELEVANT ISSUES BASED ON EDUCATION, KNOWLEDGE, AND EXPERIENCE.
 {¶ 4} "III. THE TRIAL COURT ERRED BY OVERRULING THE DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND MOTION FOR NEW TRIAL WHERE THE PLAINTIFF FAILED TO PROVE THAT HER INJURY WAS PROXIMATELY CAUSED BY THE NEGLIGENCE OF THE DEFENDANTS."
 {¶ 5} The record indicates appellee Stacy Spidel filed her complaint on behalf of herself and her two minor children, Cheyenne and Shawnee, alleging she became ill after drinking water supplied by the appellants, her landlords. Appellants' farm land in rural Ashland County had several rental properties, including appellees', all serviced by a well on the property. Appellees presented evidence they and other tenants complained about the water's appearance and odor, among other problems, on numerous occasions, although appellants reassured them the water was safe. Appellees eventually had the well water tested and discovered it was contaminated with bacteria and was unsafe to drink. After appellees treated the water a second test showed the well was still contaminated. Appellee testified appellants did not notify her the well water was unsafe.
 {¶ 6} Appellee Stacy Spidel experienced frequent nausea, vomiting, diarrhea, pain, and other symptoms for which she sought medical treatment. Dr. Hayne, a gastroenterologist, ultimately ordered tests which showed appellee was infected with bacteria called entamoeba coli. Dr. Hayne prescribed a medication usually used for amoebic bacterial infections and appellee's symptoms subsided. A second laboratory test showed no unusual bacteria in appellee's stool sample. Appellees' other expert witness was a marine toxicologist, Dr. Sved. Dr. Sved testified in his opinion appellee was infected with entamoeba histolytica, a bacteria similar to entamoeba coli. Dr. Sved testified 90 percent of persons infected with entamoeba never display symptoms or become ill. Appellants presented the testimony of one expert witness, Dr. Richter.
 {¶ 7} The jury returned a verdict awarding appellees $70,000 in compensatory damages and $30,000 in punitive damages. Appellants moved for judgment notwithstanding the verdict and for a new trial, and the trial court overruled both motions.
 I. {¶ 8} In their first assignment of error, appellants argue the court erred in not granting summary judgment in their favor. Appellants argue appellees' complaint was filed outside the statute of limitations, and appellees did not presented evidentiary quality materials in response to appellants' motion for summary judgment.
 {¶ 9} Regarding appellants' argument on the statute of limitations, R.C.2305.10 provides the statute of limitations for bringing an action for bodily injury is two years. In overruling the motion for summary judgment, the trial court noted appellee Stacy Spidel became seriously ill in January of 2001, and the cause of her condition was first diagnosed in September of 2001. The trial court found the statute of limitations began to run when appellee discovered the cause of her illness, and appellees filed their complaint within two years.
 {¶ 10} Appellants argue the statute began to run when appellee became ill, or in the alternative, when she stopped renting from appellants, which was several months before she became ill.
 {¶ 11} We find the trial court correctly determined the statute of limitations did not begin to run until appellee discovered the cause of her illness.
 {¶ 12} The balance of appellants' motion for summary judgment dealt with issues presented at trial, and we find any errors were cured by the verdict, see Continental Insurance Company v. Whitting (1994),71 Ohio St.3d 150, 642 N.E.2d 615. In Whitting, the Supreme Court held "any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issue is raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." Syllabus by the court.
 {¶ 13} The first assignment of error is overruled.
 II. {¶ 14} In their second assignment of error, appellants argue the trial court erred to their prejudice in excluding certain testimony offered by their expert witness. Appellants presented Dr. Richter's testimony by deposition, and the trial court sustained some evidentiary objections and excluded those portions from the jury's hearing.
 {¶ 15} Appellants set forth ten instances wherein the court excluded Dr. Richter's testimony: (1) University Hospital's pathology report showed entamoeba coli was observed in appellee Stacy Spidel's stool specimen. (2) Amoebic dysentery includes bloody diarrhea. (3) Most people infected with entamoeba histolytica do not exhibit disease states. (4) Actual ingestion of fecal matter would have included the histolytica cyst. (5) Fecal material is assumed to contain e. coli. (6) The water test results indicated they were negative for total coliform. (7) The water test did not indicate any problems with the water. (8) There have been numerous outbreaks of disease in water contaminated by fecal material. (9) Appellee Stacy Spidel would have been infected by the fecal oral route, and there is no evidence as to the source. (10) In his opinion there was insufficient documentation the appellee contracted any disease from anything because the only factual information was that she had entamoeba coli in her stool, and there was no evidence there were any disease-causing micro-organisms present in her drinking water.
 {¶ 16} Appellees state the first nine items on appellants' list of excluded testimonial points relate to general principles and probabilities of questionable relevance. The last point, there was not sufficient documentation that appellee contracted any disease from anything, referred to the documentation Dr. Richter reviewed, and which did not include all the relevant documents.
 {¶ 17} Dr. Richter testified he had reviewed appellee's medical records but was never given appellee's treating physician's deposition transcript, or appellants' deposition transcripts. Dr. Richter testified he reviewed a water test result, but was never informed whether it came from the property where appellee resided. Dr. Richter testified he had no opinion on the medical aspects of the case at all, and testified he had insufficient documentation to form an opinion on the central issue of the case, which was whether the illness of the appellees resulted from drinking contaminated water at the home they rented from appellants.
 {¶ 18} Appellants argue most of the excluded testimony was based upon objections from appellees, but appellees did not state the basis for the objection.
 {¶ 19} In State v. Gilmore (1986), 28 Ohio St.3d 190,503 N.E. 2d 147, the Ohio Supreme Court held a party may not predicate error on the exclusion of the evidence during an examination in chief unless two conditions are met: "(1) the exclusion of such evidence must affect a substantial right of the party; and (2) the substance of the excluded evidence was made known to the court by proffer or was apparent from the context in which the questions were asked," Syllabus by the court, citations deleted. The record contains the original deposition transcript, including the portions of the testimony excluded by the trial court.
 {¶ 20} The Supreme Court has repeatedly held the admission or exclusion of evidence lies within the broad discretion of the trial court, and a reviewing court should not disturb evidentiary decisions unless the court abused its discretion and created material prejudice, see, e.g., State v. Issa, 93 Ohio St.3d 49, 2001-Ohio-1290.
 {¶ 21} We find Appellants did not bring this matter to the trial court's attention, at a point where the court could have cured any error. Appellants do not demonstrate how they were prejudiced by the exclusion of the evidence.
 {¶ 22} We have reviewed the trial transcript and find certain of the evidence the court excluded from Dr. Richter's testimony was admitted from other sources. In some instances there was no foundation for the testimony, while frequently the remaining testimony communicated the desired information. We cannot find the trial court abused its discretion to appellants' material prejudice by excluding the testimony appellants cite.
 {¶ 23} The second assignment of error is overruled.
 III. {¶ 24} In their third assignment of error, appellants argue the court erred in overruling their motion for judgment withstanding the verdict and for new trial. Appellants argue appellees did not produce evidence showing any action or inaction of the appellants was the proximate cause of appellees' illness. Appellants argue appellees presented no evidence the well water caused appellee's illness, and did not present evidence appellants breached any duty to appellees.
 {¶ 25} Pursuant to Civ. R. 50, a motion for directed verdict or for judgment notwithstanding the verdict must be granted when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds reasonable minds could come to only one conclusion, and the conclusion is adverse to the party opposing the motion, see Crawford v. Halkovics (1982), 1 Ohio St.3d 184. Our review of the trial court's decision is de novo, Midwest Energy Consultants,LLC v. Utility Pipeline, LTD, Stark App. No. 2006-CA-00048,2006-Ohio-6232.
 {¶ 26} By contrast, a motion for a new trial is reviewed differently at the appellate level than at the trial level, see, e.g., Porach v.Spin Cycle, LLC, Cuyahoga App. No. 87067, 2006-Ohio-5004. A motion for new trial brought pursuant to Civ. R. 59 is reviewed under an abuse of discretion of standard, see Oslar v. Lorain (1986), 28 Ohio St.3d 345. A reviewing court must view the evidence in a light most favorable to the trial court's decision, rather than in favor of the nonmoving party,Jenkins v. Krieger (1981), 67 Ohio St.2d 314. This court does not weigh the evidence in reviewing a decision on a motion for a new trial,Mannion v. Sandel (2001), 91 Ohio St.3d 318.
 {¶ 27} We have reviewed the record, and we find appellees presented evidence appellee was injured by contaminated well water. It is the jury's function to determine the weight and credibility of the evidence,Seasons Coal Co., Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77. We find the trial court did not err as a matter of law and did not abuse its discretion in overruling appellants' motion for a new trial or for JNOV.
 {¶ 28} Appellants also challenge the award of punitive damages. A tenant can recover punitive damages if he or she can prove fraud, insult, or malice in the landlord's actions, Brookridge Party Center v.Fisher Foods (1983) 12 Ohio App.3d 130. An award of punitive damages is within the discretion of the trier of fact unless the award is the product of passion or prejudice, Saberton v. Greenwald (1946),146 Ohio St. 414. We find the record supports an award of punitive damages.
 {¶ 29} Accordingly, the third assignment of error is overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Boggins, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs to appellants.