[Cite as *In re Estate of Klies*, 2011-Ohio-4569.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF: | JUDGES:<br>Hon. Scott Gwin, P.J. |
| GERALD D. KLIES, DECEASED. | Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| | Case No. 11CA000005 |
| | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Probate Division, Case No. 050768

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      September 9, 2011

APPEARANCES:

For Plaintiff-Appellant

RUSSELL H. BOOTH, JR.
745 Steubenville Avenue
Cambridge, OH 43725

For Defendant-Appellee

WILLIAM H. FERGUSON
111 North 7th Street
Cambridge, OH 43725

*Farmer, J.*

{¶1}  On September 29, 2009, Gerald Klies passed away.  Co-administrators of the estate were the decedent's only children, appellant, Cristal White, and appellee, Aaron Klies.  At the time of his passing, appellant owned real property in Madison Township.

{¶2}  On April 6, 2010, the trial court issued a Certificate of Transfer on the subject property.  The Certificate of Transfer transferred a one-half interest to appellant and a one-half interest to appellee.

{¶3}  On April 9, 2010, appellant and her husband executed a quit claim deed of their share of the property to appellee, apparently so appellee could obtain a loan to pay off the estate debts.  Thereafter, appellee sold the property.  A dispute arose between the parties over the proceeds from the sale.

{¶4}  On December 14, 2010, appellant filed a motion for a hearing on the distribution of assets.  A hearing was held on January 26, 2011.  At the end of the hearing, appellee moved for a directed verdict as the estate had been fully administered.  By judgment entry filed February 7, 2011, the trial court found the estate was fully administered and granted appellee's motion.

{¶5}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶6}  "THE COURT ERRED IN ORDERS (1) AND (4)."

I

{¶7} Appellant claims the trial court erred in finding the estate was fully administered and in granting appellee's motion for a directed verdict. We disagree.

{¶8} In her motion filed December 14, 2010, appellant asked the trial court to rule on the distribution of assets. It was appellant's position that the estate could not be closed because appellee had failed to abide by a separate agreement executed between the two co-administrators outside of the estate proceedings regarding the proceeds from the sale of the property pursuant to the Certificate of Transfer dated April 6, 2010. Appellant claims the trial court failed to rule on her request.

{¶9} A motion for a directed verdict is to be granted when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to such party. Civ.R. 50(4); *Crawford v. Halkovics* (1982), 1 Ohio St.3d 184. A motion for a directed verdict tests the legal sufficiency of the evidence rather than its weight or the credibility of the witnesses. *Ruta v. Breckenridge-Remy Co.* (1982), 69 Ohio St.2d 66. Since a directed verdict presents a question of law, an appellate court conducts a de novo review of the trial court's judgment. *Howell v. Dayton Power and Light Co.* (1995), 102 Ohio App.3d 6.

{¶10} Appellant does not challenge the trial court's findings of fact, but disputes the trial court's granting of the directed verdict.

{¶11} The transfer of the real property at issue was accomplished by operation of law pursuant to R.C. 2105.06, 2105.061, and 2113.61. Once the Certificate of Transfer was signed and filed, the distribution of the assets was a fait accompli, and

was beyond the jurisdiction of the estate administrators.  Appellant's motion did not request the trial court to void the Certificate of Transfer, but requested that the trial court distribute the assets pursuant to the parties' outside agreement over the property.

{¶12}  Appellant testified that she and her husband executed a quit claim deed to the property to appellee so appellee could obtain a loan to pay off the estate's debts.  T. at 21, 26.  This was not necessary because additional estate assets were discovered (see, Report of Newly Discovered Assets filed June 3, 2010), and appellee sold off timber from the property to pay off the debts and then split the remainder with appellant.  T. at 13, 24.  In fact, on June 3, 2010, the parties signed an application to distribute in-kind wherein the parties agreed to "have consented to the distribution as proposed in the within schedule."  Appellee sold the property and made appellant a verbal offer to pay her $20,000.00 which she rejected.  T. at 24, 27.

{¶13}  The testimony during the hearing on the distribution of assets was that there were sufficient funds in the attorney trust account to pay the attorney fees and costs as all bills had been paid.  T. at 12.

{¶14}  In its judgment entry filed February 7, 2011, the trial court declined to adjust the final distribution of the assets apart from what was required by R.C. 2105.06, thereby denying appellant's motion:

{¶15}  "1. Based upon the evidence presented and the representations of counsel, this Court finds that the Estate of Gerald D. Klies, Case No. 050768, has been fully administered.

{¶16}  "2. Any further litigation between the heirs may be in any Court of competent jurisdiction and is not an expense of the estate.

{¶17} "3. The counsel for the estate is to make his final distributions to pay the attorney fees, court costs and obtain any signatures of the co-administrators on the final account. This Entry may be substituted for any missing signatures.

{¶18} "4. The Estate is fully administered and completed; Motion Granted.

{¶19} "5. Costs are to be paid from the Estate for the hearing."

{¶20} If appellant had challenged appellee relative to his fiduciary capacity, the matter clearly would have been within the trial court's jurisdiction; however, appellant did not so challenge the Certificate of Transfer and appellee's promises to her. Instead, appellant sought to shortcut the legal process of initiating a civil action for fraud.

{¶21} Upon review, we find the trial court did not err in finding the estate had been fully administered and in granting appellee's motion for a directed verdict.

{¶22} The sole assignment of error is denied.

{¶23} The judgment of the Court of Common Pleas of Guernsey County, Ohio, Probate Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.

_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ Julie A. Edwards_____

                        JUDGES

SGF/sg 818

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF THE ESTATE OF: :
                                :
GERALD D. KLIES, DECEASED       :        JUDGMENT ENTRY
                                :
                                :
                                :
                                :        CASE NO. 11CA000005

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, Probate Division is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Julie A. Edwards_____

JUDGES